BUCKLEY MADOLE, P.C.
Michael Gonzales, Esq.
(*Pro Hac Vice* Admission Pending)
michael.gonzales@buckleymadole.com
Ryan O'Malley, Esq.
State Bar No. 12461
ryan.omalley@buckleymadole.com
1635 Village Center Circle, Suite 130
Las Vegas, NV  89134
Tel:  (702) 425-7267 Fax: (702) 425-7269
*Attorneys for Defendant/Counter-Claimant/Third-Party Plaintiff Green Tree Servicing, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SATICOY BAY LLC SERIES 452 CROCUS HILL<br><br>Plaintiff,<br><br>vs.<br><br>GREEN TREE SERVICING, LLC, a Delaware limited liability company; QUALITY LOAN SERVICE CORPORATION, a California corporation;<br><br>Defendants. | Case No.:   2:15-cv-977<br><br>**ANSWER AND COUNTERCLAIM** |
| GREEN TREE SERVICING, LLC,<br><br>Counter-Claimant,<br><br>vs.<br><br>SATICOY BAY LLC SERIES 452 CROCUS HILL, a Nevada limited liability company;<br><br>Counter-Defendant, | |
| GREEN TREE SERVICING, LLC<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>ASSESSMENT MANAGEMENT SERVICES, INC., a Nevada corporation; SAN MARCOS AT SUMMERLIN HOMEOWNERS | |

ASSOCIATION, a Nevada non-profit
corporation,

        Third-Party Defendants.

Defendant Green Tree Servicing, LLC ("Green Tree") hereby answers the Complaint of Saticoy Bay LLC Series 452 Crocus Hill ("Saticoy Bay" or "Buyer"), counterclaims against Saticoy Bay, and asserts third-party claims against Assessment Management Services, Inc. ("AMS" or the "HOA Trustee"), and San Marcos at Summerlin Homeowners Association ("San Marcos" or the "HOA"), as follows:

**<u>ANSWER</u>**

Green Tree answers Plaintiff's Complaint as follows:

1.     Answering Paragraph 1 of the Complaint, Defendants admit that a Trustee's Deed Upon Sale was recorded in the Clark County Recorder's office on November 13, 2014 as Instrument Number 20141113-0000023 showing Saticoy Bay Series 452 Crocus Hill as the Grantee from an HOA foreclosure sale conducted on October 30, 2014.  To whatever extent a further response is required, Defendants deny the allegations in Paragraph 1.

2.     Answering Paragraph 2 of the Complaint, Defendants admit that a Trustee's Deed Upon Sale was recorded in the Clark County Recorder's office on November 13, 2014 as Instrument Number 20141113-0000023 showing Saticoy Bay Series 452 Crocus Hill as the Grantee from an HOA foreclosure sale conducted on October 30, 2014.  To whatever extent a further response is required, Defendants deny the allegations in Paragraph 2.

3.     Defendants lack information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint; therefore, Defendants deny said allegations.

4.     Defendants admit the allegations in Paragraph 4 of the Complaint.

5.     Defendants deny the allegations in Paragraph 5 of the Complaint.

6.     Defendants aver that the allegations in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required.  To whatever extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint.

. . .

7.      Defendants lack information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint; therefore, Defendants deny said allegations.

8.      Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint

10.     Defendants deny the allegations in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations in Paragraph 11 of the Complaint.

**ANSWER TO SECOND CLAIM FOR RELIEF**

12.     Answering the twelfth Paragraph of the Complaint (incorrectly and duplicatively identified in the Complaint as Paragraph 10), Defendants here incorporate all of its responses to the previous paragraphs as if fully set forth.

13.     Answering the thirteenth Paragraph of the Complaint (incorrectly and duplicatively identified in the Complaint as Paragraph 11), Defendants deny.

14.     Answering the fourteenth Paragraph of the Complaint (incorrectly identified in the Complaint as Paragraph 12), Defendants deny.

**ANSWER TO THIRD CLAIM FOR RELIEF**

15.     Answering the fifteenth Paragraph of the Complaint (incorrectly identified in the Complaint as Paragraph 13), Defendants incorporate all of their responses to the previous paragraphs as if fully set forth.

16.     Defendants aver that the sixteenth Paragraph of the Complaint (incorrectly identified as Paragraph 14) constitutes a request for relief to which no response is required.  To whatever extent a response is required, Defendants deny.

17.     Answering the seventeenth Paragraph of the Complaint (incorrectly identified as Paragraph 15), Defendants deny.

**<u>DEFENDANT ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES</u>**:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Priority)**

To the extent the HOA's foreclosure sale was valid, Plaintiff took title of the Property subject to Defendant's first priority Deed of Trust, thereby forestalling any enjoinment/extinguishment of the Defendant's interest in the Property.

**THIRD AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Plaintiff, at all material times, calculated, knew and understood the risks inherent in the situations, actions, omissions, and transactions upon which it now bases its various claims for relief, and with such knowledge, Plaintiff undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

**FOURTH AFFIRMATIVE DEFENSE**

**(Commercial Reasonableness and Violation of Good Faith - NRS 116.1113)**

The HOA lien foreclosure sale by which Plaintiff took its alleged interest was commercially unreasonable if it eliminated Defendant's Deed of Trust, as Plaintiff contends. The sales price, when compared to the outstanding balance of Defendant's Note and Deed of Trust and the fair market value of the Property, demonstrates that the sale was not conducted in good faith as a matter of law.  The circumstances of sale of the property violated the HOA's obligation of good faith under NRS 116.1113 and duty to act in a commercially reasonable manner.

**FIFTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

Plaintiff's claims are barred by the equitable doctrines of laches, unclean hands, and failure to do equity.

. . .

. . .

. . .

. . .

**SIXTH AFFIRMATIVE DEFENSE**

**(Acceptance)**

Any acceptance of any portion of the excess proceeds does not "satisfy" the amount due and owing on the Loan and would not constitute a waiver of its rights under the Loan and Deed of Trust, or statute.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

By reason of Plaintiff's acts and omissions, Plaintiff has waived its rights and is estopped from asserting the claims against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Void for Vagueness)**

To the extent that Plaintiff's interpretation of NRS 116.3116 is accurate, the statute and Chapter 116 as a whole are void for vagueness as applied to this matter.

**NINTH AFFIRMATIVE DEFENSE**

**(Due Process Violations)**

A senior deed of trust beneficiary cannot be deprived of its property interest in violation of the Procedural Due Process Clause of the 14th Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

**TENTH AFFIRMATIVE DEFENSE**

**(Violation of Procedural Due Process)**

The super-priority lien was satisfied prior to the homeowner's association foreclosure under the doctrines of tender, estoppel, laches, or waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Satisfaction of Super-Priority Lien)**

The claimed super-priority lien was satisfied prior to the homeowner's association foreclosure under the doctrines of tender, estoppel, laches, or waiver.

. . .

. . .

**TWELFTH AFFIRMATIVE DEFENSE**

**(Federal Preemption)**

Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an HOA sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Facial Invalidity – Due Process)**

NRS 116 is void on its face to the extent that it purports to require interested lienholders to "opt in" to order to receive notice of an HOA foreclosure sale.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

Defendant reserves the right to assert additional affirmative defenses in the event discovery and/or investigation indicates that additional affirmative defenses are applicable.

…

…

…

…

…

…

…

…

…

…

…

…

…

…

…

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Green Tree counterclaims against Saticoy Bay, and asserts third-party claims against AMS and San Marcos, as follows:

### I.

### PARTIES, JURISDICTION, AND VENUE

1.     Counterclaimant/Third-Party Plaintiff Green Tree is a Delaware limited liability company with its principal place of business in Minnesota and doing business in Clark County, Nevada.

2.     Upon information and belief, Counterdefendant Saticoy Bay is a Nevada limited-liability company with its principal place of business in Nevada.

3.     Upon information and belief, Third-Party Defendant San Marcos is a Nevada non-profit corporation with its principal place of business in Nevada.

4.     Upon information and belief, Third-Party Defendant AMS is a Nevada corporation with its principal place of business in Nevada.

5.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as all plaintiffs are "citizens of different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in this district; a substantial part of the events or omissions giving rise to these claims occurred in this district; and the property that is the subject of this action is situated in this district.

7.     The Court has personal jurisdiction over Saticoy Bay because this lawsuit arises out of and is connected with Saticoy Bay's purported purchase of an interest in real property situated in Nevada and, upon information and belief, Saticoy Bay is a Nevada limited-liability company.

8.     The Court has personal jurisdiction over San Marcos because this lawsuit arises out of and is connected with San Marcos's purported foreclosure of real property located in Nevada and, upon information and belief, San Marcos is a Nevada corporation.

. . .

9.      The Court has personal jurisdiction over AMS because this lawsuit arises out of and is connected with AMS's role in the purported sale of an interest in real property situated in Nevada and, upon information and belief, AMS is a Nevada limited-liability company.

## II.

## FACTUAL BACKGROUND

***The Subject Property***

10.      This action concerns the parties' rights in that certain real property commonly described as 452 Crocus Hill Street, Las Vegas, NV  89138; APN 137-35-514-108 (the "Property").  The Property is legally described as follows:

> PARCEL ONE (1):
>
> LOT 78 IN BLOCK 5 OF FINAL MAP OF SAN MARCOS UNIT TWO, (A COMMON INTEREST COMMUNITY) AS SHOWN BY MAP THEREOF ON FILE IN BOOK 105 OF PLATS, PAGE 82, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.
>
> PARCEL TWO (2):
>
> A NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS, EGRESS AND USE OF, IN TO AND OVER THE ASSOCIATION PROPERTY AS PROVIDED FOR IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASMENTS FOR SAN MARCOS AT SUMMERLIN

***Plaintiffs' Interest in the Property***

11.      On or about July 30, 2003, the Property was conveyed to Jung Sun Kim and June Young Kim (the "Kims").  A Grant, Bargain and Sale Deed evidencing the conveyance to Kim was recorded on or about July 30, 2003, as Book and Instrument 20030731-02058.  A true and correct copy of said Grant, Bargain and Sale Deed is attached as Exhibit 1.

12.      On or about July 31, 2003, a Deed of Trust (the "Deed of Trust"), securing a home loan in the amount of $296,984.00 (the "Kim Loan"), was recorded as Book and Instrument 20030731-02059 in the Clark County Recorders Office showing the Kims as the borrowers and KH Financial, L.P. as the original Lender.  A true and correct copy of said Deed of Trust is attached as Exhibit 2.

13.      Upon information and belief, Fannie Mae purchased the Kim Loan or about October 1, 2003.

14.     On August 25, 2011, an Assignment of Deed of Trust was recorded in the Clark County Recorder's office as Instrument Number 20110825-0004731, reflecting that KH Financial, L.P. had assigned its interest in the Deed of Trust to Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP ("BANA").  A copy of said Corporation Assignment of Deed of Trust is attached as Exhibit 3.

15.     On or about August 28, 2013, an Assignment of Deed of Trust was recorded as Book and Instrument Number 20130828-00000882, reflecting that BANA had  assigned its interest in the Deed of Trust to Green Tree Servicing, LLC.  A true and correct copy of said Corporate Assignment of Deed of Trust is attached as Exhibit 4.

***The HOA Foreclosure and Saticoy Bay's Alleged Acquisition of the Property***

16.     The Property is subject to a Declaration of Covenants, Conditions, and Restrictions for San Marcos (the "CC&Rs").

17.     On or about June 21, 2013, Notice of Claim of Delinquent Assessment Lien (the "2013 Lien") was recorded as Book and Instrument Number 20130621-0001487 on behalf of Defendant San Marcos by its foreclosure trustee/agent, Asset Management Services.  A true and correct copy of said Notice of Claim of Delinquent Assessment Lien is attached as Exhibit 5.

18.     The 2013 Lien stated that "THE AMOUNT OWING AND UNPAID TOTAL is $8,174.50," and that "[t]his amount may include assessments, late fees, special assessments, fines, collection fees, trustee fee[s], and interest."

19.     On or about October 3, 2013, a Notice of Default and Election to Sell Under Homeowners Association Lien ("2013 Notice of Default") was recorded as Book and Instrument Number 20131003-0000295 on behalf of San Marcos.  A true and correct copy of said Notice of Default and Election to Sell Pursuant to the Lien for Delinquent Assessments is attached as Exhibit 6.

20.     The 2013 Notice of Default stated that "the amount owed is $9,372.21."

21.     On or about February 20, 2014, a second Notice of Default and Election to Sell Under Homeowners Association Lien ("2014 Notice of Default") was recorded as Book and Instrument

Number 20140220-0002817 on behalf of San Marcos.  A true and correct copy of said Notice of Default and Election to Sell Pursuant to the Lien for Delinquent Assessments is attached as Exhibit 7.

22.     The 2014 Notice of Default stated that "the amount owed is $9,695.21."

23.     On or about October 8, 2014, a Notice of Foreclosure Sale ("2014 Notice of Sale") was recorded as Book and Instrument Number 20141008-0000709 on behalf of San Marcos.  A true and correct copy of said Notice of Foreclosure Sale is attached as Exhibit 8.

24.     The 2014 Notice of Sale stated that "[t]he total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $13,529.18."

25.     None of the aforementioned notices identified above and attached as Exhibits 5, 6, 7, and 8 identified what proportion of the claimed lien was for alleged late fees, interest, fines/violations, or collection fees/costs.

26.     None of the aforementioned notices identified above and attached as Exhibits 5, 6, 7, and 8 specified what proportion of the lien, if any, that San Marcos claimed constituted a "super-priority" lien.

27.     None of the aforementioned notices identified above and attached as Exhibits 5, 6, 7, and 8 specified whether San Marcos was foreclosing on the "super-priority" portion of its lien, if any, or on the sub-priority portion of the lien.

28.     None of the aforementioned notices identified above and attached as Exhibits 5, 6, 7, and 8 provided any notice of a right to cure.

29.     None of the aforementioned notices identified above and attached as Exhibits 5, 6, 7, and 8 provided notice that the Deed of Trust on the Property would be claimed to be foreclosed or extinguished.

30.     On information and belief, AMS failed to mail a notice of the HOA foreclosure sale to any of Plaintiffs or their agents.

31.     On or about November 13, 2014, a Trustee's Deed Upon Sale was recorded as Book and Instrument Number 20141113-0000023, stating that Saticoy Bay had prevailed at an HOA

lien foreclosure sale conducted on October 30, 2014 ("HOA Sale").  A true and correct copy of said deed is attached as Exhibit 9.  The deed does not state the sale price.  On information and belief, the sale price was approximately $160,000.

32.      Upon information and belief, at the time of the HOA Sale the fair market value of the Property exceeded $330,000.00.  The sale price at the HOA Sale was not commercially reasonable when compared to the debt owed on the Kim Loan and the fair market value of the Property.

### III.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Quiet Title/Declaratory Relief)

33.      Green Tree incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

34.      This Court has the power and authority to declare Green Tree's rights and interests in the Property and to resolve Counter-Defendants' and Third Party Defendants' adverse claims in the Property.

35.      Further, this Court has the power and authority to declare the rights and interests of the parties following the acts and omissions of the HOA and HOA Trustee in foreclosing upon the Property.

36.      Green Tree's Deed of Trust is a first secured interest on the Property as intended by NRS 116.3116(2)(b).

37.      As the current beneficiary under the Deed of Trust and Kim Loan, Green Tree's interest remains an encumbrance upon the Property, retains its first-position status in the Property's chain of title after the HOA Sale, and is superior to the interest, if any, acquired by Buyer or held or claimed by any other party.

38.      Upon information and belief, Buyer may claim an interest in the Property that is adverse to the Green Tree's interest.

. . .

39.     Upon information and belief, the HOA and the HOA Trustee failed to provide to Green Tree and/or its predecessors proper, adequate notices required by Nevada statutes, the CC&Rs and due process; and therefore the HOA Sale is void and should be set aside or rescinded.

40.     Based on the parties' adverse claims, Green Tree is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

41.     For all the reasons set forth above, Green Tree is entitled to a determination from this Court that it is the beneficiary of a first-position Deed of Trust which remains an encumbrance upon the Property and is superior to the interest held by Buyer, and all other parties, if any such interests exist.

42.     In the alternative, for all the reasons set forth above, Green Tree is entitled to a determination from this Court that the HOA Sale was unlawful and void.

43.     Green Tree has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees for having brought the underlying action.

**SECOND CAUSE OF ACTION**

**(Permanent and Preliminary Injunction versus Buyer)**

44.     Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

45.     As set forth above, Buyer may claim an ownership interest in the Property that is adverse to Green Tree.

46.     Any sale or transfer of the Property prior to a judicial determination concerning the respective rights and interests of the parties to the case may be rendered invalid if Green Tree's Deed of Trust remains an encumbrance upon the Property which was not extinguished by the HOA Sale.

47.     Green Tree has a substantial likelihood of success on the merits of the complaint, for which compensatory damages will not compensate Green Tree for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

48.     Green Tree has no adequate remedy at law due to the uniqueness of the Property involved in the case.

49.     Green Tree is entitled to a preliminary and permanent injunction prohibiting Buyer, their successors, assigns, and agents from conducting a sale, transfer or encumbrance of the Property if it is claimed to be superior to Green Tree's Deed of Trust or not subject to that Deed of Trust.

50.     Green Tree is entitled to a preliminary and permanent injunction requiring Buyer to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

51.     Green Tree is entitled to a preliminary and permanent injunction requiring Buyer to segregate and deposit all rents with the Court or a Court-approved trust account over which Buyer has no control during the pendency of this action.

52.     Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### THIRD CAUSE OF ACTION

### (Wrongful Foreclosure versus the HOA and the HOA Trustee)

53.     Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

54.     Upon information and belief, the HOA, and the HOA Trustee did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

55.     The HOA and the HOA Trustee failed to provide notice pursuant to the CC&Rs.

56.     Because the HOA Sale was wrongfully conducted and violated applicable law, the Court should set it aside to the extent that it purports to have extinguished Green Tree's first Deed of Trust and delivered free and clear title to the Property to Buyer.

57.     Because the HOA Sale was not commercially reasonable, it was invalid, wrongful and should be set aside.

. . .

. . .

. . .

58.    Because the HOA and HOA Trustee did not give Green Tree, or its agents, servicers or predecessors in interest, the proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments required by Nevada statutes, the CC&Rs and due process, the HOA Sale was wrongfully conducted and should be set aside.

59.    As a proximate result of HOA's and HOA Trustee's wrongful foreclosure of the Property by the HOA Sale, as more particularly set forth above, Green Tree has suffered general and special damages in an amount not presently known.  Green Tree will seek leave of court to assert said amounts when they are determined.

60.    If it is determined that Green Tree's Deed of Trust has been extinguished by the HOA Sale, as a proximate result of HOA's and HOA Trustee's wrongful foreclosure of the Property by the HOA Sale, Green Tree has suffered special damages in the amount equal to the fair market value of the Property or the unpaid balance of the Kim Loan, plus interest, at the time of the HOA Sale, whichever is greater, in an amount not presently known.  Green Tree will seek leave of court to assert said amounts when they are determined.

61.    Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### **FOURTH CAUSE OF ACTION**

**(Negligence versus HOA and HOA Trustee)**

62.    Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

63.    The HOA and the HOA Trustee owed a duty to Green Tree and subordinate lienholders to conduct the HOA foreclosure sale at issue in this case properly and in a manner that would fairly allow them an opportunity to protect their interest and cure the super-priority lien threatening their security interests.

64.    The HOA and the HOA Trustee breached their duty by failing to disclose the amount of the super-priority lien, by failing to specify that it was foreclosing on the super-priority portion of its lien as opposed to the non-super-priority portion, and by failing to provide notice that Green Tree and subordinate lienholders had an opportunity to cure.

65.     As a proximate result of the HOA and the HOA Trustee's breaches of their duties, Green Tree was unable to cure by tendering a pay-off of the super-priority lien threatening its security interest.

66.     As a proximate result of the HOA and the HOA Trustee's breaches of their duties, Green Tree has incurred general and special damages in an amount in excess of $10,000.00.

67.     If Green Tree is found to have lost its first secured interest in the Property, it was the proximate result of the HOA and the HOA Trustee's breaches of their duties, and Green Tree have thereby suffered general and special damages in an amount in excess of $10,000.00.

68.     Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## FIFTH CAUSE OF ACTION

### (Negligence Per Se versus HOA and the HOA Trustee)

69.     Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

70.     NRS Chapter 116 imposes a duty on HOAs to conduct HOA foreclosure sales in a manner that is consistent with its provisions and, by reference, the provisions of NRS 107.090.

71.     HOA and the HOA Trustee breached the statutory duties imposed by NRS Chapter 116 concerning notice.

72.     HOA and the HOA Trustee violated NRS 116.31162(1)(b)(1) by failing to describe the deficiency in payment of a super-priority lien.

73.     Green Tree is a member of the class of persons whom NRS Chapter 116 is intended to protect.

74.     The injury that Green Tree faces—extinguishment of its first-position Deed of Trust—is the type against which NRS Chapter 116 is intended to protect.

75.     As a proximate result of HOA's and the HOA Trustee's breaches of their statutory duties, Green Tree was unable to cure by tendering a pay-off of the super-priority lien threatening its security interest.

. . .

76.     As a proximate result of HOA's and the HOA Trustee's breaches of their duties, Green Tree has incurred general and special damages in an amount in excess of $10,000.00.

77.     If Green Tree is found to have lost its first secured interest in the Property, it was the proximate result of HOA's and the HOA Trustee's breaches of their statutory duties, and Green Tree has thereby suffered general and special damages in an amount in excess of $10,000.00.

78.     Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## SIXTH CAUSE OF ACTION

### (Breach of Contract versus the HOA and ALESSI)

79.     Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

80.     Green Tree was an intended beneficiary of the HOA's CC&Rs.

81.     The HOA and the HOA Trustee breached the obligations, promises, covenants and conditions of the CC&Rs owed to Green Tree by the circumstances under which they conducted the HOA Sale of the Property.

82.     The HOA and the HOA Trustee's breaches of the obligations, promises, covenants and conditions of the CC&Rs proximately caused Green Tree general and special damages in an amount in excess of $10,000.00.

83.     Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## SEVENTH CAUSE OF ACTION

### (Misrepresentation versus the HOA)

84.     Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

85.     Green Tree is within the class or persons or entities the HOA intended or had reason to expect to act or to refrain from action in reliance upon the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause.

. . .

86.    Green Tree, and its predecessors in interest, justifiably relied upon the provisions of the CC&Rs and NRS 116.3116(2)(b) in giving consideration for the Deed of Trust, and the Kim Loan it secures, and the HOA intended or had reason to expect their conduct would be influenced.

87.    The HOA's representations in the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, were false.

88.    The HOA had knowledge or a belief that the representations in the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, were false or it had an insufficient basis for making the representations.

89.    The HOA had a pecuniary interest in having Green Tree and its predecessors in interest rely on the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause.

90.    The HOA failed to exercise reasonable care or competence in communicating the information within the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, which was false or it had an insufficient basis for making.

91.    The HOA and the HOA Trustee acted in contravention to the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, when it conducted the HOA Sale in a manner that could extinguish Green Tree's Deed of Trust.

92.    Green Tree suffered general and special damages in an amount in excess of $10,000.00 as a proximate result of its reliance.

93.    Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## EIGHTH CAUSE OF ACTION

### (Unjust Enrichment versus Buyer, the HOA and the HOA Trustee)

94.    Green Tree incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

95.    Green Tree has been deprived of the benefit of its secured deed of trust by the actions of Buyer, the HOA, and the HOA Trustee.

96.     Buyer, HOA and the HOA Trustee have benefitted from the unlawful HOA Sale and nature of the real property.

97.     Buyer, the HOA and the HOA Trustee have benefitted from Green Tree's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

98.     Should Green Tree's Complaint be successful in quieting title against the Buyer and setting aside the HOA Sale, Buyer, the HOA and the HOA Trustee  will have been unjustly enriched by the HOA Sale and usage of the Property.

99.     Green Tree will have suffered damages if Buyer, the HOA and the HOA Trustee are allowed to retain their interests in the Property and the funds received from the HOA Sale.

100.     Green Tree will have suffered damages if Buyer, the HOA and the HOA Trustee are allowed to retain their interests in the Property and Green Tree's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

101.     Green Tree is entitled to general and special damages in excess of $10,000.00.

102.     Green Tree has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees for having brought the underlying action.

## NINTH CAUSE OF ACTION

### (Declaratory Relief versus Buyer, the HOA and the HOA Trustee)

103.     Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

104.     This Court has the power and authority to declare Green Tree's rights and interests in the Property and to resolve the Buyer's adverse claims in the Property.

105.     The Deed of Trust is a first secured interest on the Property whose priority is protected by NRS 116.3116(2)(b).

106.     As the current beneficiary under the Deed of Trust and Note, Green Tree's interest in the Property retained its first position status in the chain of title after the HOA Sale.

107.     Buyers claim or claimed an interest in the Property through the Trustees Deed of Sale that is adverse to Green Tree's interest.

. . .

108.    Green Tree is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

109.    Green Tree is entitled to a determination from this Court that its secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by Buyer through the Quitclaim Deed, or held or claimed by any other party.

110.    In the alternative, Green Tree is entitled to a determination from this Court that the HOA Sale was not a valid sale and conveyed no legitimate interest to Buyer.

111.    Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## **PRAYER**

Wherefore, Green Tree prays for judgment against the Counter-Defendants and Third-Party Defendants, jointly and severally, as follows:

1.    For a declaration and determination that Green Tree's interest is secured against the Property, and that Green Tree's first Deed of Trust was not extinguished by the HOA Sale;

2.    For a declaration and determination that Green Tree's interest is superior to the interest of Buyer, Counter-Defendants and Third Party Defendants;

3.    For a declaration and determination that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to Buyer;

4.    In the alternative, for a declaration and determination that the HOA Sale was invalid and conveyed no legitimate interest to Buyer;

5.    For a preliminary and permanent injunction that Buyer, its successors, assigns, and agents are prohibited from conducted a sale or transfer of the Property;

6.    For a preliminary and permanent injunction that Buyer, its successors, assigns, and agents pay all taxes, insurance and homeowner's association dues during the pendency of this action.

7.    For a preliminary and permanent injunction that Buyer, its successors, assigns, and agents be required to segregate and deposit all rents with the Court or a

1               Court-approved trust account over which Buyer has no control during the

2               pendency of this action.

3       8.      If it is determined that Green Tree's Deed of Trust has been extinguished by the

4               HOA Sale, for special damages in the amount of the fair market value of the

5               Property or the unpaid balance of the Kim Loan and Deed of Trust, at the time of

6               the HOA Sale, whichever is greater;

7       9.      For general and special damages in excess of $10,000.00;

8       10.    For attorney's fees;

9       11.    For costs of incurred herein, including post-judgment costs;

10   For any and all further relief deemed appropriate by this Court.

11   DATED this 1st day of June, 2014.

12                                     */s/Ryan O'Malley*

13                                     BUCKLEY MADOLE, P.C.

14                                     Michael Gonzales, Esq.
                                  (Pro Hac Vice Admission Pending)

15                                     Ryan O'Malley, Esq.
                                  State Bar No. 12461

16                                     ryan.omalley@buckleymadole.com

17                                     1635 Village Center Circle, Suite 130
                                  Las Vegas, NV  89134

18                                     *Attorneys for Green Tree Servicing, LLC*

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 1st day of June, 2015, a true and correct copy of the attached **ANSWER AND COUNTERCLAIM** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case.  If electronic notice is not indicated through the court's e-filing system, then a true and correct <u>paper</u> copy of the foregoing document was delivered by U.S. Mail.

Michael F. Bohn, Esq.
Bohn Law Offices
376 East Warm Springs Road, Suite 140
Las Vegas, NV  89119
*Attorney for Plaintiff*

Gary S. Fink, Esq.
McCarthy & Holthus
9510 W. Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
*Attorney for Defendant Quality Loan Servicing Corporation*

         <u>   /s/Candice Benson   </u>
         Candice Benson
         An employee of Buckley Madole, P.C.