UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SATICOY BAY LLC SERIES 452 CROCUS HILL,<br><br>Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING, LLC, a Delaware limited liability company; QUALITY LOAN SERVICE CORPORATION, a California corporation,<br><br>Defendants. | Case No. 2:15-cv-00977-RFB-CWH<br><br>ORDER |
| GREEN TREE SERVICING, LLC, a Delaware limited liability company,<br><br>Counter-Claimant,<br><br>v.<br><br>SATICOY BAY LLC SERIES 452 CROCUS HILL, a Nevada limited liability company,<br><br>Counter-Defendant. | |
| GREEN TREE SERVICING, LLC, a Delaware limited liability company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ASSESSMENT MANAGEMENT SERVICES, INC., a Nevada corporation; SAN MARCOS AT SUMMERLIN HOMEOWNERS ASSOCIATION, a Nevada non-profit, corporation,<br><br>Third-Party Defendants. | |

## I. INTRODUCTION

Before the Court are two contested motions: Defendant Green Tree Servicing, LLC's Motion for Summary Judgment, ECF No. 48, and Plaintiff Saticoy Bay LLC Series 452 Crocus Hill's Motion for Summary Judgment, ECF No. 52.

## II. PROCEDURAL BACKGROUND

Plaintiff Saticoy Bay LLC Series 452 Crocus Hill sued Defendants Green Tree Servicing, LLC and Quality Loan Service Corporation on April 23, 2015 in state court. ECF No. 1 at 9. Defendants removed the matter to this Court on May 27, 2015 on the basis of diversity jurisdiction. ECF No. 1.

In the Complaint, Saticoy Bay alleges that it obtained title of a Las Vegas property by way of a nonjudicial foreclosure conducted by the governing homeowners' association under Chapter 116 of the Nevada Revised Statutes ("NRS") in 2014. ECF No. 1 at 9–10. Saticoy Bay contends that the foreclosure extinguished a deed of trust that encumbered the property at the time of the foreclosure. Id. Because Green Tree filed a notice of default and election to sell after the foreclosure, Saticoy Bay asserts three claims: (1) injunctive relief to prohibit Green Tree from foreclosing on the property under its interests to the deed of trust; (2) declaratory relief under NRS 40.010 that Saticoy Bay purchased the property free and clear of the deed of trust; and (3) declaratory relief under NRS 40.010 that the deed of trust was extinguished by the foreclosure sale. Id. at 9 –11.

Green Tree answered the Complaint on June 1, 2015. ECF No. 5. It asserts the following counterclaims against Saticoy Bay: (1) quiet title or declaratory relief, finding the deed of trust survived the foreclosure sale; (2) permanent and preliminary injunctive relief to prohibit Saticoy Bay from selling, transferring, or encumbering the property with claims that its interest is superior to that of Green Tree; (3) wrongful foreclosure; (4) negligence; (5) negligence per se; (6) breach of contract; (7) misrepresentation; (8) unjust enrichment; and (9) declaratory relief that Green Tree's interest is superior to that of Saticoy Bay or that the foreclosure is not valid. Id. Green Tree asserted certain claims as third-party claims against the governing homeowners' association

and its trustee, San Marcos at Summerlin Homeowners ("the HOA") and Assessment Management Services ("AMS"), respectively.

The parties filed motions for summary judgment, which were denied without prejudice on March 2, 2017. ECF Nos. 24, 26, 33. When denying the motion, the Court also stayed this matter pending the resolution of an appeal from the Ninth Circuit's decision in Bourne Valley Court Tr. v. Wells Fargo Bank, NA, 832 F.3d 1154, 1159–60 (9th Cir. 2016) and from the Nevada Supreme Court's decision in Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A., 388 P.3d 970, 974 (Nev. 2017). The stay was lifted on September 17, 2018, and the refiling of dispositive motions was ordered. ECF No. 41. Green Tree now moves for summary judgment, ECF No. 48, as does Saticoy Bay, ECF No. 52. Both motions were fully briefed. ECF Nos. 55–57, 60–61.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 452 Crocus Hill Street, Las Vegas, Nevada 89138. The property sits in a community governed by the HOA. The HOA requires the community members to pay community dues.

Jung Sun Kim and June Young Kim borrowed funds from KH Financial, L.P. to purchase the property in 2003. To obtain the loan, the Kims executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists the Kims as the borrowers and KH Financial as the lender and the beneficiary, was recorded on July 31, 2003. KH Financial assigned the deed of trust to Bank of America, N.A. in August 2011. Bank of America then assigned the deed of trust to Green Tree on August 28, 2013.

The Kims failed to pay the required HOA dues. Thus, in June 2013, the HOA recorded a notice of delinquent assessment lien. The HOA subsequently recorded a notice of default and

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Civ. P. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (judicially noticing undisputed matters of public record).

election to sell and then a notice of foreclosure sale. On October 30, 2014, the HOA held a foreclosure sale on the property under NRS Chapter 116. Saticoy Bay purchased the property at the foreclosure sale. A foreclosure deed in favor of Saticoy Bay was recorded on November 13, 2014.

However, Federal National Mortgage Association ("Fannie Mae") previously purchased the note and the deed of trust in October 2003. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure.

Green Tree serviced the note and was listed as the beneficiary of the deed of trust, on behalf of Fannie Mae, at the time of the foreclosure. Green Tree continues to service the note for Fannie Mae.

The relationship between Fannie Mae and Green Tree, as Fannie Mae's servicer, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Under the Guide, the

servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("the Agency"). HERA gave the Agency the authority to oversee Fannie Mae. In accordance with its authority, the Agency placed Fannie Mae under its conservatorship in 2008. Neither the Agency nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The facts in this matter are wholly undisputed. The parties instead dispute the legal issue of whether Fannie Mae acquired an interest in the property under Nevada law.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3), resolves this matter. The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the Agency's conservatorship unless the Agency affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Fannie Mae's agent. Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017). Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the HOA's 2014 foreclosure sale from extinguishing the deed of trust that Fannie Mae acquired in 2003.

Despite Berezovsky, Saticoy Bay attempts to avoid an unfavorable entry of summary judgment by arguing that Fannie Mae never acquired a property interest because it failed to comply with state laws regarding recordation, statutes of frauds, and requirements for power of attorneys. Saticoy Bay also argues that the bona fide purchaser doctrine precludes Green Tree from asserting Fannie Mae's property interest and that Green Tree fails to provide the proper foundation for the evidence it relies on when arguing for summary judgment. The Court addresses each argument in turn.

The Court first considers the argument regarding recordation. Saticoy Bay contends that Fannie Mae failed to record its interest in the property, listing itself as the record beneficiary under

the deed of trust, as required by the Nevada's recording statutes. <u>SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC</u> forecloses the argument. 432 P.3d 718 (Nev. 2018) (holding the state recording statutes, prior to the 2011 amendments, do not require an assignment of beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest later); see also <u>Berezovsky</u>, 869 F.3d at 932 (discussing the interplay of the Federal Foreclosure Bar and NRS 106.210). Because Fannie Mae acquired the loan in 2003, the Nevada recording statutes did not require Fannie Mae to record the assignment of beneficial interests in the deed of trust in its name. <u>SFR Investment Pool 1</u>, 432 P.3d 718. Saticoy Bay's recordation argument fails accordingly.

Saticoy Bay's argument under the statute of frauds is also unsuccessful. Saticoy Bay contends that Fannie Mae failed to comply with the Nevada statute of frauds, precluding Fannie Mae from acquiring an interest in the property. But Saticoy Bay was not a party to the sale of the note and the deed of trust to Fannie Mae in 2003. Thus, Saticoy Bay does not have standing to assert an argument under the Nevada statute of frauds. <u>Harmon v. Tanner Motor Tours of Nev., Ltd.</u>, 377 P.2d 622, 628 (Nev. 1963) ("The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest). Saticoy Bay's reliance on <u>Leyva v. Nat'l Default Servicing Corp.</u>, 255 P.3d 1275 (Nev. 2011), which discusses the statute of frauds, is also unpersuasive. Subsequent to the <u>Leyva</u> decision in 2011, the Nevada Supreme Court decided <u>Nationstar Mortg., LLC v. Guberland LLC-Series 3</u>, 420 P.3d 556 (Nev. 2018). In <u>Guberland</u>, the Nevada Supreme Court cited <u>Berezovsky</u> with favor and allowed materially identical documentation to establish a federal enterprise's property interest. 420 P.3d 556. Saticoy Bay provides no legal authority for its argument that this Court should ignore the more recent <u>Guberland</u> decision in favor of the <u>Leyva</u> decision.

Saticoy Bay also argues that a written instrument must be provided to show a power of attorney existed between Fannie Mae and Green Tree and to prove Saticoy Bay acquired a property interest. Saticoy Bay first cites NRS 162A.480(2), which provides: "Every power of attorney, or other instrument in writing, containing the power to convey any real property as agent or attorney for the owner thereof, or to execute, as agent or attorney for another, any conveyance whereby any

real property is conveyed, or may be affected, must be recorded…." Saticoy Bay next cites Fannie Mae's Guide, which requires the servicer to obtain a limited power of attorney before executing certain legal documents on behalf of Fannie Mae. Saticoy Bay contends that Green Tree fails to establish a principal-agent relationship between Fannie Mae and Green Tree, since there is no written service agreement or a written instrument evidencing a limited power of attorney. And thus, it cannot be established that Fannie Mae acquired the note and the deed of trust. However, as discussed in more detail below, Green Tree has demonstrated a principal-agent relationship exists. The Court therefore finds that neither NRS 162A.480(2) nor the provisions regarding a limited power of attorney in the Guide prevent an entry of summary judgment in favor of Green Tree.

The Court also finds that Saticoy Bay cannot defeat summary judgment in favor of Green Tree by asserting the bona fide purchaser doctrine. The Court is again guided by the <u>Berezovsky</u> holding that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the Agency's conservatorship, and any state laws that impliedly conflict with the Federal Foreclosure Bar are preempted. 869 F.3d at 931. Thus, Nevada's bona fide purchaser laws are preempted to the extent the laws would allow for the extinguishment of Fannie Mae's interest without the Agency's consent.

The Court finally considers if Green Tree provided the proper foundation and sufficient evidence to show it acquired a property interest prior to the foreclosure sale. To establish Fannie Mae's property interest, Green Tree attaches printouts from its electronic database. The printouts are accompanied by a declaration of Graham Babin, Fannie Mae's Assistant Vice President. Saticoy Bay argues that Babin cannot authenticate the database printouts because he does not identify the persons entering the data, does not confirm that Fannie Mae complied with Nevada law prior to acquiring the note and the deed of trust, and does not provide written documents—or state that he has seen such documents—to establish Fannie Mae's ownership.

The Court disagrees. Babin authenticates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of business by

persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that recount the different entities acting as a servicer.

Further, the Ninth Circuit has allowed the Agency and the federal enterprises, such as Fannie Mae, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and importantly, the Nevada Supreme Court allowed a federal enterprise under the Agency's conservatorship to prove its property interest with materially identical evidence as recently as 2018. See Guberland, 420 P.3d 556 (favorably citing Berezovsky).

The printouts, in conjunction with the Guide, establish that a principal-agent relationship existed between Fannie Mae and Green Tree as required in Berezovsky. 869 F.3d at 933. The documents also establish that Fannie Mae purchased the loan in 2003—prior to the foreclosure sale—and has owned it since. Green Tree has therefore presented sufficient evidence under Berezovsky to prevail at the summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Green Tree on counterclaim one and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims, counterclaims, and third-party claims as a result.

### VI. CONCLUSION

**IT IS ORDERED** that Defendant Green Tree Servicing, LLC's Motion for Summary Judgment (ECF No. 48) is GRANTED. The Court declares that the nonjudicial foreclosure sale conducted on October 30, 2014 did not extinguish the deed of trust first recorded on July 31, 2003, meaning Saticoy Bay purchased the property subject to Fannie Mae's senior interest. The Clerk

1 | of the Court is therefore instructed to enter judgment in favor of Defendant Green Tree Servicing, LLC on counterclaim one and dismiss the remaining claims, counterclaims, and third-party claims in this matter.

**IT IS ORDERED FURTHER** that Plaintiff Saticoy Bay LLC Series 452 Crocus Hill's Motion for Summary Judgment (ECF No. 52) is DENIED.

**IT IS ORDERED FURTHER** that the Clerk of Court close this case.

DATED: June 9, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**